UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIE RYAN OVERSTREET,<br><br>    Plaintiff,<br><br>    v.<br><br>M. WHITE, et al.,<br><br>    Defendants. | No. 2:20-cv-0633 AC P<br><br>ORDER |

Plaintiff has requested the appointment of counsel. ECF No. 36. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish

exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff asserts that he requires the appointment of counsel due to his mental health status and because of the complexity of the case and the need to investigate and cross-examine witnesses. ECF No. 36. At this stage, the court does not find that the issues are overly complex, and plaintiff has thus far demonstrated that he is capable of articulating his claims without assistance. Furthermore, the mere assertion that plaintiff suffers from mental health conditions is not enough to establish exceptional circumstances warranting appointment of counsel, and to the extent plaintiff's request is based on the need for assistance at trial, the request is premature because it has not yet been determined whether this action will proceed to trial. For these reasons, the motion will be denied. If plaintiff chooses to file another motion for appointment of counsel, he should identify what conditions he suffers from, explain how his conditions prevent him from proceeding without assistance, and provide medical documentation supporting his claimed impairments.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel, ECF No. 36, is DENIED.

DATED: January 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE