1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMIE RYAN OVERSTREET,                    No.  2:20-cv-0633 AC P

12                      Plaintiff,

13            v.                                   ORDER

14    M. WHITE, et al.,

15                      Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983, has filed motions to voluntarily dismiss defendant White and for appointment of counsel.

19   ECF No. 38, 39.

20          The request to dismiss defendant White without prejudice will be granted and this case

21   will proceed on the claims against defendant Garcia-Castro.

22          Plaintiff has also filed another request for appointment of counsel.  ECF No. 39.  The

23   United States Supreme Court has ruled that district courts lack authority to require counsel to

24   represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296,

25   298 (1989).  In certain exceptional circumstances, the district court may request the voluntary

26   assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

27   (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

28          "When determining whether 'exceptional circumstances' exist, a court must consider 'the

1

1  likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

2  *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965,

3  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

4  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

5  most prisoners, such as lack of legal education and limited law library access, do not establish

6  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

7  In denying plaintiff's previous request, the court the court advised plaintiff that if he was

8  requesting appointment of counsel based upon his mental health conditions, the fact that he

9  suffered from those conditions was not sufficient to establish exceptional circumstances and he

10  would have to identify the conditions he suffered from, explain how they prevented him from

11  proceeding without counsel, and provide medical documentation to support his claimed

12  impairments and their effect on his functioning.  ECF No. 37 at 2.  Plaintiff has now filed a

13  request for counsel that alleges that he suffers from mood disorders, trauma and stressor related

14  disorders, anxiety disorders, and psychosis and that he has been receiving assistance from another

15  inmate and an attorney up to this point.  ECF No. 39 at 2-3.  He alleges that when he is in high-

16  stress situations his disorders are triggered and he is unable to proceed with any activities and has

17  attached mental health records that indicate that his functionality was poor in July of 2018.  Id. at

18  3, 6-7.

19  Although plaintiff's records demonstrate that he was suffering from mental health

20  conditions and had poor functionality in 2018, they do not support plaintiff's contention that he is

21  unable to proceed without the assistance of counsel at this time.  The court further finds that the

22  level of understanding exhibited by plaintiff in pursuing this case demonstrates that he can

23  adequately represent himself.  Plaintiff was able to successfully state a claim that survived

24  screening, and has thus far been able to clearly articulate his claims and requests for relief in his

25  various motions.  Although plaintiff's motions have not been successful, they demonstrate that he

26  is capable of proceeding without the assistance of counsel.  Based on these factors, plaintiff has

27  not shown the existence of extraordinary circumstances warranting the appointment of counsel.

28  ////

2

1   Accordingly, IT IS HEREBY ORDERED that:

2   1.  Plaintiff's motion to voluntarily dismiss defendant White, ECF No. 38, is GRANTED.

3   Defendant White is voluntarily dismissed without prejudice pursuant to Federal Rule of Civil

4   Procedure 41(a)(1)(A)(i) and the Clerk of the Court is directed to update the docket accordingly.

5   2.  Plaintiff's motion for appointment of counsel, ECF No. 39, is DENIED.

6   DATED: February 17, 2022

7

8   ALLISON CLAIRE
    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28