UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIE RYAN OVERSTREET,<br><br>Plaintiff,<br><br>v.<br><br>M. WHITE, et al.,<br><br>Defendants. | No.  2:20-cv-0633 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a motion requesting that the undersigned reconsider the February 17, 2022 order denying his request for appointment of counsel.  ECF No. 43.

Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion."  L.R. 230(j)(3)-(4).  Plaintiff's motion reiterates his claims that he suffers from mental health conditions which cause him to shut-down when he is faced with high-stress situations.  ECF No. 43 at 3-4.  He argues that his 2018 mental health records should be sufficient to demonstrate that he has the conditions alleged because they are life-long disorders that do not go away.  Id. at 4.  He also attaches an email from an attorney who has been helping him in her spare time that includes a sample of a motion to modify the discovery and scheduling order.  Id. at 6-7.

1

1    Plaintiff has not identified any new or different facts or circumstances that would warrant
2 reconsideration of the denial of his motion for counsel and the motion will therefore be denied.
3 He is reminded that if he is requesting appointment of counsel based upon his mental health
4 conditions, he must identify the conditions he suffers from, explain how they prevent him from
5 proceeding without counsel, and provide recent medical documentation to support his claimed
6 impairments and their effect on his functioning.  While the court recognizes that many mental
7 health disorders are life-long conditions, in order to support the need for counsel, plaintiff must
8 provide documentation showing how his conditions currently affect his abilities.  Plaintiff is
9 further advised that the court is aware of his status as a pro se prisoner and will consider it as
10 appropriate when reviewing his filings.  However, neither being a pro se prisoner nor being
11 mentally ill constitutes an extraordinary circumstance or necessarily means that a person is unable
12 to proceed absent appointment of counsel.

13    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (ECF
14 No. 43) is DENIED.

15 DATED: March 7, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE