UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIE RYAN OVERSTREET, | No. 2:20-cv-0633 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| M. WHITE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's motions for preliminary injunction (ECF No. 53), for a way to produce and receive discovery (ECF No. 54), and to compel discovery (ECF No. 60), as well as defendant's motion to modify the pretrial motions deadline (ECF No. 69). Also before the court are plaintiff's notices regarding his personal safety and active hunger strike. ECF Nos. 70, 71.

I.  Motion for Preliminary Injunction

Plaintiff has filed a motion for preliminary injunction in which he requests that the court order California Department of Corrections and Rehabilitation (CDCR) staff to locate and deliver a copy of the Federal Civil Rules of Civil Procedure that was ordered for plaintiff by a friend. ECF No. 53. He asserts that the book has arrived at the prison but has yet to be delivered to him despite it having been signed for over three months ago. Id. at 2. Plaintiff has also filed several

1

affidavits alleging that his mail is being mishandled. ECF Nos. 54-56. He requests "a clear and direct way to produce and receive further documentary discovery" and some kind of tracking system. ECF No. 54 at 3.

"A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). If the moving party cannot show a likelihood of success on the merits, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Plaintiff has failed to demonstrate he is likely to suffer irreparable harm. His motions and affidavits identify only three instances in which mail was allegedly delayed or lost,[1] and there is no evidence that these incidents were the result of deliberate interference with plaintiff's mail. Though frustrating, lost and delayed mail is not unheard of, and based on the numerous filings received by the court it appears that most of plaintiff's mail is being processed in a timely manner.

Additionally, a district court has no authority to grant relief in the form of a preliminary injunction where it has no jurisdiction over the parties. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) ("Personal jurisdiction, too, is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." (alteration in original) (citation and internal quotation omitted)). Plaintiff seeks relief based on the conduct

---

[1] Plaintiff has not received a copy of the Federal Rules of Civil Procedure which was signed for by prison staff on January 27, 2022 (ECF No. 53); defendant's counsel did not receive discovery responses plaintiff mailed on February 28, 2022 (ECF No. 55 at 3); and plaintiff's April 5, 2022 affidavit was originally sent to the court on April 10, 2022, but was returned to him eighteen days later for insufficient postage (ECF No. 55 at 1, 3). Plaintiff's attempts at remailing the discovery responses and affidavit were both successful. See ECF No. 58 (acknowledging receipt of discovery responses); ECF No. 54 (April 5, 2022 affidavit).

of non-defendant prison officials who he claims are interfering with his mail. The court does not have jurisdiction over those individuals unless plaintiff provides facts showing that they are acting "in active concert or participation" with the defendants. Fed. R. Civ. P. 65(d)(2); Zenith Radio Corp. v. Hazeltine Rsch., Inc., 395 U.S. 100, 112 (1969) ("[A] nonparty with notice cannot be held in contempt until shown to be in concert or participation.")). Plaintiff has failed to provide any such facts.

For these reasons, it will be recommended that the motions for injunctive relief be denied.

II.     Motion to Compel

Plaintiff has filed a motion to compel responses to interrogatories and requests for production on the ground that defendant has objected to the requests as untimely and refused to provide responses. ECF No. 60. Defendant opposes the motion. ECF No. 62.

The deadline for plaintiff to serve written discovery requests was March 30, 2022. ECF No. 42. Plaintiff asserts that his requests were timely delivered to prison staff for mailing on March 27, 2022, and that defendant has refused to respond to the requests on the ground that they were untimely because the envelope was signed by correctional staff on March 31, 2022. ECF No. 60. Plaintiff claims that while staff are supposed to sign and date the envelopes at the time of receipt, sometimes they take the mail back to the office where they sign and date all the envelopes collected at one time. Id. at 1-2. He speculates that his mail was "forgotten & left in the office by staff." Id. at 2.

Defendant opposes the motion on the ground that his objection to the timeliness of the requests was proper. ECF No. 62. He argues that while the discovery requests were accompanied by a proof of service dated March 27, 2022, the envelope was signed by correctional staff on March 31, 2022. Id. at 2. According to prison mailing procedures, the envelope is supposed to be signed by correctional staff at the time they receive it from the prisoner, making the requests untimely. Id.

Plaintiff does not dispute that the mailing procedure outlined by defendant is the procedure that is supposed to be followed by prison staff. Instead, he argues that prison staff do not always follow policy and sometimes collect mail in bulk and then log and sign it in the office.

ECF No. 60 at 1-2; ECF No. 66 at 5. Moreover, as plaintiff correctly points out, while defendant has provided a declaration from the litigation coordinator outlining the mail policy and how mail is supposed to be processed, it does not address the question whether officers actually followed the policy on the dates in question. Nor does the declaration establish that the litigation coordinator has the necessary personal knowledge to attest to these facts. Although plaintiff does not explicitly state that the officer collected his mail on March 27, 2022, without signing and dating the envelope at the time it was collected, he does aver that he handed his discovery requests over on that date. Defendant's evidence regarding the policy that is supposed to be followed is not sufficient to overcome plaintiff's sworn representation that he timely handed over his discovery requests for mailing on March 27, 2022. The motion to compel will therefore be granted and defendant will be required to respond to the discovery requests, subject to any objections he may raise on grounds other than untimeliness.

### III. Motion to Modify Pretrial Motions Deadline

Defendant has filed a motion seeking to extend the dispositive motions deadline by sixty days to allow further attempts to settle this case. ECF No. 69. Plaintiff's declaration regarding his safety also indicates that he is interested in attempting to settle this case. ECF No. 70. Because plaintiff's motion to compel is being granted, the dispositive motions deadline will be vacated and discovery will be re-opened for the limited purpose of addressing plaintiff's outstanding discovery requests. Because the parties have both represented that they are interested in pursuing settlement, the deadlines for completing discovery will be set out far enough to allow that parties an opportunity to settle the case. The dispositive motions deadline need not be reset at this time.

### IV. Plaintiff's Notices Regarding Prison Conditions

Plaintiff has filed two notices alleging safety concerns related to his housing and movement, and stating that he is on a hunger strike. ECF Nos. 70, 71. Although it appears that prison staff are already aware of plaintiff's concerns and his hunger strike, defendant's counsel will be directed to forward plaintiff's notices to appropriate individuals at the prison. However, this action is neither a substitute for the prison grievance process nor an appropriate place to

address alleged violations of plaintiff's rights that are not related to the claims in the complaint. This court will not address further threats of self-harm by plaintiff. If plaintiff seeks to pursue claims regarding his housing and safety, he must initiate a separate action. Plaintiff is advised that based on the information he has provided, any such action would need to be filed in the Fresno Division of this court because the alleged violations occurred at Kern Valley State Prison.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 60) is GRANTED.

2. Discovery is re-opened for the limited purpose of resolving the outstanding discovery matters as set forth below.

3. Defendant shall respond to plaintiff's March 27, 2022 interrogatories and requests for production within sixty days of the service of this order. If necessary, plaintiff may file a motion to compel within eighty days of the service of this order.

4. The July 22, 2022 dispositive motions deadline is VACATED and will be re-set, as necessary, upon resolution of the outstanding discovery matters.

5. Defendant's motion to extend the dispositive motions deadline (ECF No. 69) is DENIED as moot.

6. The Office of the Attorney General and Deputy Attorney General Zachary Glantz shall ensure plaintiff's notices (ECF Nos. 70, 71) are forwarded to the appropriate staff at the institution at which plaintiff is incarcerated.

7. The Clerk of Court randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 53, 54) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Plaintiff is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC/kw:over0633.misc.tro.f&r